# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WYOMING VALLEY FRATERNAL
ORDER OF POLICE d/b/a HOME
ASSOCIATION LODGE #36,

     Plaintiff,

     v.

SELECTIVE INSURANCE
COMPANY OF THE SOUTHEAST
AND STOCK INSURANCE
COMPANY,

     Defendants.

NO. 3:18-CV-2270

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 2) filed by Defendants Selective Insurance Company of the Southeast and Stock Insurance Company (collectively, "Defendants"). Wyoming Valley Fraternal Order of Police d/b/a Home Association Lodge #36 ("Plaintiff") commenced this action against Defendants for breach of contract and bad faith after it was denied benefits under a commercial insurance policy. The instant motion seeks dismissal of Plaintiff's bad faith claim. Because Plaintiff fails to plead any factual matter for which it could plausibly be inferred that Defendants acted in bad faith in denying benefits under the policy, Count II of the Complaint will be dismissed, but Plaintiff will be given leave to amend its bad faith claim.

## I. Background

The facts as alleged in the Complaint are as follows:

Plaintiff is a charitable organization that seeks to foster positive relationships between police officers and to revamp social, charitable, and educational undertakings among active, associate, and social members and the community. (*See* Doc. 1-3, ¶ 5).

At all relevant times, Plaintiff operated a restaurant and bar in Wilkes-Barre, Pennsylvania. (*See id*. at ¶ 6). From May 20, 2015 through May 30, 2016, Plaintiff was insured under a commercial policy of insurance issued by Selective. (*See id*. at ¶ 7). As part of that coverage, Plaintiff obtained "Select PAC Plus Property Extension," which provided "Crime Coverage" as an "add[ition] to the building and personal property coverage form." (*Id*. at ¶ 9).

"On March 1, 2016, Plaintiff's Treasurer reported the theft the specifics of which are in the possession of Defendant. Plaintiff also reported a property damage claim, the specifics of which are in the possession of Defendant." (*Id*. at ¶ 10).

Since February 2017, Plaintiff has made numerous demands for payment under the insurance policy. (*See id*. at ¶ 18). Plaintiff fully cooperated with Defendant, complied with all policy requirements, and provided all information and forms requested by Defendants. (*See id*. at ¶ 14). Selective denied the theft claim on April 25, 2017. (*See id*. at ¶ 15). Selective has refused to make any payment on the claim. (*See id*. at ¶ 20).

Based on the foregoing, Plaintiff filed the Complaint in the Luzerne County Court of Common Pleas asserting claims for breach of contract (Count I) and bad faith (Count II). (*See id*., *generally*). Defendants removed the matter to this Court on November 26, 2018, and then moved to dismiss the bad faith claim on December 3, 2018. (*See* Doc. 2, *generally*). The motion to dismiss has been fully briefed and is now ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d

Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. Discussion

Defendants seek dismissal of the bad faith claim in Count II of the Complaint. (*See* Doc. 2, *generally*). Pennsylvania law allows an insured party to receive damages and other relief if the insurer acts in bad faith toward the insured party. *See* 42 Pa. C.S.A. § 8371. Section 8371 states:

> § 8371. Actions on insurance policies
>
> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

*Id*.

"[I]n order to recover in a bad faith action, the plaintiff must present clear and

3

convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.,* 649 A.2d 680 (Pa. Super. Ct. 1994)). However, "proof of an insurance company's motive of self-interest or ill-will is not a prerequisite to prevailing in a bad faith claim under Section 8371 . . . . While such evidence is probative of the second *Terletsky* prong, . . . the insurer's knowledge or recklessness as to its lack of a reasonable basis in denying policy benefits is sufficient. " *Id*.

In deciding whether an insurer had a reasonable basis for denying benefits, a court must examine what factors the insurer considered in evaluating a claim. *See Terletsky,* 649 A.2d at 688-89. "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." *Condio v. Erie Ins. Exchange*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006) (citing *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. Ct. 2000)). "[M]ere negligence is insufficient for a finding of bad faith under Section 8371 . . . ." *Rancosky*, 170 A.3d at 374. However, recklessness on the part of the insurer can support a finding of bad faith. *See id*.

Plaintiff pleads the following with respect to its claim of bad faith:

> The actions and inactions of Selective in adjusting, evaluating, and investigating Plaintiff's claim constitutes bad faith as defined under 42 Pa. C.S.A. § 8371 and the Pennsylvania Unfair Insurance Practices Act, 48 P.S. § 1171, et seq. as follows:
>
> a. Misrepresenting important facts or policy or contract provisions, namely, the prompt payment of losses;
>
> b. Failing to acknowledge and act properly upon written communication with respect to Plaintiff's claims arising under the policy;
>
> c. Failing to adopt or implement reasonable standards for the prompt investigation of Plaintiff's claims;
>
> d. Refusing to pay Plaintiff's claims without conducting a reasonable investigation based upon all available information;

4

e. Failing to affirm coverage of Plaintiff's claims within a reasonable time after all information requested of Plaintiffs were provided to the Defendant or its representatives;

f. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims in which the Defendant's liability under the policy has become reasonably clear;

g. Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy by denying or failing to act upon Plaintiff's claims;

h. Continuing to investigate Plaintiff's claims after receipt of all information necessary to the adjustment of the claims;

i. Failing to communicate with Plaintiff;

j. Subordinating the interest of its insured to their own financial monetary interest;

k. Failing promptly to offer payment to Plaintiff; and

l. Failing [to] objectively and fairly evaluate Plaintiff's claim.

(*See* Doc. 1-3, ¶ 22).

The bad faith claim in Count II of the Complaint will be dismissed. For one, Count II is premised on "bare-bones conclusory allegations which are not sufficient to state a bad faith claim." *Meyers v. Protective Ins. Co.*, No. 16-1821, 2017 WL 386644, at *9 (M.D. Pa. Jan. 27, 2017). Averments nearly identical to these have been found to constitute "legal conclusions rather than factual allegations." *Rickell v. USAA Cas. Ins. Co.*, No. 18-1279, 2018 WL 5809865, at *3 (M.D. Pa. Nov. 6, 2018). Specifically, Plaintiffs' allegation in Subparagraphs (d) and (l) have been held to be conclusory. *See id*. ("Allegations that Insurer failed 'to properly investigate and evaluate plaintiff's underinsurance claim' and that 'defendant knew or recklessly disregarded the fact that it had no reasonable basis for its above conduct' are conclusory statements and recitations of the elements of the claim that need not be accepted as true."). The averments in Subparagraphs (b), (e), (g), (h), (i), and (k) "regarding how Defendant[s] handled the claim after receipt are conclusory without

additional factual support that would inform the court why Defendants['] actions are unreasonable." *See id.*; *see also Meyers*, 2017 WL 386644, at *9 ("Whether something is untimely (or, more precisely, unreasonably untimely) may be an element of a bad faith claim only to the extent that it itself has sufficient support; otherwise, an allegation that a claim was not timely paid and investigated is a legal conclusion which a court must disregard at a motion to dismiss stage."); *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 599 (E.D. Pa. 2010) ("knowingly or recklessly disregarding the lack of a reasonable basis to deny plaintiff's claim" is a legal conclusion). The allegation in Subparagraph (a) that Defendants "misrepresent[ed] important facts or policy or contract provisions" is also a conclusory statement unsupported by factual averments. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (allegations that insurer "misrepresented coverage in the policy" and "misrepresented facts and its evaluation of Plaintiff's claim" are conclusory where the misrepresentations are not explained in the pleading). Likewise, the contention in Subparagraph (f) that Defendants acted in bad faith by "[n]ot attempting in good faith to effectuate a prompt, fair and equitable settlement" is "not only conclusory, but [is] circular and prove[s] nothing." *Meyers*, 2017 WL 386644, at *9. Finally, the allegations that Defendants failed to adopt "reasonable standards" and "subordinat[ed] the interests of its insured to their own financial monetary interest" are conclusory in the absence of supporting facts. *See Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-77, 2015 WL 3444288, at *5 (E.D. Pa. May 28, 2015); *see also Zinno v. Geico Gen. Ins. Co.*, No. 16-792, 2016 WL 5100540, at *2 (E.D. Pa. Sept. 19, 2016) (allegation that insurer prioritized its own interests over that of the insured is conclusory without additional factual support); *Northridge Village, LP v. Travelers Indem. Co. of Conn.*, No. 15-1947, 2016 WL 7428211, at *2 (E.D. Pa. Jan. 21, 2016) ("failure to adopt reasonable standards for prompt negotiation of claims and failure to follow its own internal policies" is a conclusory statement insufficient to plead a bad faith claim); *Sypeck v. State Farm Mut. Auto. Ins.*, No. 12-324, 2012

6

WL 2239730, at *3 (M.D. Pa. June 15, 2012) ("[f]ailing to adopt and/or implement reasonable standards in evaluating Plaintiff's claim" is the type of allegation that does not state a bad faith claim).

The Complaint, when stripped of these conclusory statements, alleges only: (1) Plaintiff had a commercial insurance policy with Defendants covering its restaurant and bar business; (2) the policy provided crime coverage for theft; (3) Plaintiff's treasurer reported the theft on March 1, 2016; (4) Plaintiff complied with the terms of the policy and provided all information requested by Defendants; (5) since February 2017, Plaintiff made repeateds demand for payment; and (6) Defendants denied the claim on April 25, 2017. (*See* Doc. 1-3, *generally*).

Such allegations do not state the necessary elements of claim for bad faith under § 8371. As the district court explained in *Pasqualino*, "[e]ssentially, Plaintiff's cursory allegations assert that Defendant[s] lacked a reasonable basis for denying Plaintiff's claim for benefits, but do not provide any factual allegations from which the Court could make a plausible inference that Defendant[s] knew or recklessly disregarded [their] lack of a reasonable basis for denying benefits." *Pasqualino*, 2015 WL 3444288, at *5. "While such assertions perhaps suggest that a bad faith claim is *possible*, they do not allow for any non-speculative inference that a finding of bad faith is *plausible*." *Id*. (emphasis in original). Thus, the bad faith claim as presently constructed does not meet the pleading requirements of *Iqbal* and *Twombly*.

Plaintiff will, however, be given leave to amend. Although leave has not been requested and *sua sponte* leave is not required in non-civil rights cases in this Circuit, *see Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007) ("we hold that in ordinary civil litigation it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint"), it is not clear that an amendment would be futile. As such, in accordance with the dictates of Federal Rule of Civil Procedure 15(a)(2), Plaintiff will be given the opportunity to file an

amended complaint.  Plaintiff is reminded that if it elects to do so, the amended complaint must set forth facts, not merely conclusory statements, to support its bad faith claim.

## IV. Conclusion

For the above stated reasons, Defendants' motion to dismiss Count II of the Complaint will be granted.  The bad faith claim will be dismissed without prejudice to Plaintiff filing an amended complaint within twenty-one (21) days to plead a plausible bad faith claim.  Failure to do so will result in the dismissal of this claim with prejudice.

An appropriate order follows.


February 14, 2019                                  /s/ A. Richard Caputo
Date                                                        A. Richard Caputo
                                                              United States District Judge